IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANCES REGINA PETERS, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-17-2371 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

On August 17, 2017, Frances Regina Peters ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 16, 17), and the response thereto (ECF No. 20), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED.

### PROCEDURAL HISTORY

On June 11, 2014, Plaintiff filed a Title II application for DIB, alleging disability beginning on July 10, 2009. Her claim was denied initially and upon reconsideration on October 8, 2014 and January 27, 2015, respectively. Subsequently, on February 2, 2015, Plaintiff filed a

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

written request for a hearing and, on June 30, 2016, an Administrative Law Judge ("ALJ") presided over a hearing. On August 31, 2016, the ALJ rendered a decision ruling that Plaintiff "was not under a disability, as defined in the Social Security Act [(the "Act")], at any time from November 1, 2010,[2] the alleged onset date, through December 31, 2012, the date last insured." ECF No. 11 at 23. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on July 10, 2017, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On August 17, 2017, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. On April 27, 2018, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on June 19, 2018. On July 27, 2018, Plaintiff responded to Defendant's motion.[3] This matter is now fully briefed and the Court has reviewed both parties' motions and the response thereto.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests

---

[2] During the hearing, Plaintiff amended her alleged onset date to November 1, 2010. ECF No. 11 at 14.

[3] On July 31, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

2

with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the

duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work.

20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R.

§§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## **ALJ DETERMINATION**

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had "not engage[d] in substantial gainful activity during the period from her amended alleged onset date of November 1, 2011[4] [sic] through her date last insured of December 31, 2012." ECF No. 11 at 16. At step two, the ALJ found that Plaintiff had the severe impairments of "insulin resistant diabetes mellitus, type II; disorders of the spine, status post-surgical intervention; peripheral neuropathy; and obesity." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 17. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) with the additional limitation that she can do work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing, except she can never do work that requires the use of ladders, ropes, and scaffolds.

*Id.* The ALJ then determined that Plaintiff had past relevant work as an office manager. *Id.* at 21. Finally, at step five, the ALJ first found that Plaintiff "was capable of performing past relevant work as an office manager." *Id.* Alternatively, the ALJ found that, "considering [Plaintiff]'s age, education, work experience, and [RFC], [Plaintiff] had also acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy." *Id.* at 22. Thus, the ALJ concluded that Plaintiff

---

[4] As noted *supra*, Plaintiff's correct alleged onset date is November 1, 2010. ECF No. 11 at 14.

"was not under a disability, as defined in the [Act], at any time from November 1, 2010, the alleged onset date, through December 31, 2012, the date last insured." *Id.* at 23.

## DISCUSSION

On appeal, Plaintiff solely alleges that the ALJ erred at step three of the sequential evaluation by failing to evaluate whether Plaintiff's spine impairment met or equaled Listing 1.04A, outlined in 20 C.F.R. pt. 404, subpt. P, app. 1. ECF No. 16-1 at 8. Specifically, Plaintiff argues that the ALJ's "sole basis" for finding that she did not meet or equal listing 1.04A is because Plaintiff did not have a positive straight-leg test in both the seated and supine position and that "the ALJ considered this element to be the only element lacking under Listing 1.04[A]." *Id.* at 13. The Court disagrees.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Where a claimant can show that her condition "meets or equals the listed impairments," the claimant is entitled to a conclusive presumption that she is disabled within the meaning of the Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *see McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on the issue of disability"). The burden of proof is on the claimant to show that she meets *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

"In evaluating a claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101 F.Supp.2d 384, 390 (D.Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is

8

ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645 (D.Md. 1999). "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Id.* On the other hand, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295 (internal citations omitted).

Remand is appropriate where the "ALJ's opinion failed to apply the requirements of the listings to the medical record." *Id.* at 292; *see Fox v. Colvin*, 632 F.App'x 750, 755–56 (4th Cir. 2015) (holding that the ALJ's conclusory and perfunctory analysis at step three necessitated remand). In evaluating whether an ALJ's listing comparison was proper, however, the Court is not confined to the ALJ's analysis at step three and instead must consider the reasoning provided by the ALJ in the decision in its entirety. *See Schoofield v. Barnhart*, 220 F.Supp.2d 512, 522 (D.Md. 2002) (holding remand is not warranted "where it is clear from the record which [L]isting . . . w[as] considered, and there is elsewhere in the ALJ's opinion an equivalent discussion of the medical evidence relevant to the [s]tep [t]hree analysis which allows [the reviewing c]ourt readily to determine whether there was substantial evidence to support the ALJ's [s]tep [t]hree conclusion").

Listing 1.04A states:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

9

> A. Evidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. pt. 404, subpt. P, app. 1, 1.04A. In other words, a claimant must demonstrate that she meets all four requirements of Listing 1.04A in order for an ALJ to make a finding that her impairment meets or equals the listed impairment. *See Sullivan*, 493 U.S. at 530.

During his step three analysis, the ALJ explained why Plaintiff failed to meet the requirements of Listing 1.04A:

> [Plaintiff] does not satisfy the heighten [sic] severity level of listing 1.04, because, even though a magnetic resonance imaging (MRI) scan from December 15, 2010 showed a lateral disc herniation compressing the L5 nerve root, the record neither reflects a positive straight-leg raise from both the seated and supine position nor substantial defects in [Plaintiff]'s gait.

ECF No. 11 at 17 (internal record citations omitted).[5] Here, the ALJ clearly identified a listed requirement that was not supported by Plaintiff's medical record. Specifically, the ALJ determined that "the record [does not] reflect[] a positive straight-leg raise from both the seated and supine position[.]" *Id.* However, citing *Hambleton v. Commissioner, Social Security Administration*, No. SAG-15-2897, 2016 WL 4921422 (D.Md. Sept. 15, 2016), Plaintiff contends that it is "unclear whether such testing was conducted both in the sitting and supine positions," as required, and that it is the ALJ's duty to contact the treating physician for clarification on the matter. ECF No. 16-1 at 14.

An ALJ is not required to contact a treating physician for clarification where the issue is not determinative of a finding that a claimant met or equaled Listing 1.04A. *See Hambleton*,

---

[5] The ALJ proceeded to explain why Plaintiff failed to meet the requirements of Listings 1.04B and 1.04C, ECF No. 11 at 17, but Plaintiff does not challenge those decisions by the ALJ.

10

2016 WL 4921422, at *2 (explaining that an ALJ should contact a treating physician for clarification on the method of straight-leg raising tests only "if this issue is potentially determinative within the ALJ's analysis on remand"). Here, the issue regarding whether Plaintiff's positive straight-leg raising test was conducted in the sitting or supine position is not "potentially determinative" because the ALJ identified at least one other requirement from Listing 1.04A that was not met. Specifically, the ALJ's step four analysis contained a lengthy discussion of Plaintiff's spinal impairments, noting:

> The record does reflect a history of shooting back pain that was initially treated, with moderate success, through physical therapy, chiropractic medicine, acupuncture, and epidural injections. By December 15, 2010, [Plaintiff] underwent a right-sided L5/S1 far lateral decompression, after diagnostic studies showed a lateral disc herniation compressing the L5 nerve root and other findings consistent with radicular pain secondary to disc herniation. Even though [Plaintiff] alleges that she was unable to effectively ambulate at this time, treatment providers noted that [Plaintiff] was doing 'quite well.' By December 30, 2010, Agostini Visioni, M.D., from Maryland Brain and Spine noted that the surgery had resolved the sharp, shooting pains down the right leg and improved the numbness to the top of her foot. Her gait was characterized as normal, and she demonstrated full strength and sensation in her lower extremities. Accordingly, Dr. Visioni discontinued formal follow-ups and advised [Plaintiff] to contact their practice if she developed any new problems.
>
> Since the first follow-up after surgery until 2013 or 2014, treatment providers noted that [Plaintiff] was doing well and enjoying her usual state of health. . . .
>
> . . . .
>
> Despite this history of back pain and peripheral neuropathy, [Plaintiff] throughout treatment has reflected a normal gait and regular strength in the lower extremities. She retained the ability to engage in physical exercises as part of her rehabilitation efforts. In daily life, she could take walks daily, maintain personal care and grooming tasks, socialize with friends, stand long enough to make simple meals, and drive a motor vehicle until just recently.

ECF No. 11 at 19–20 (internal record citations omitted).

In this discussion of Plaintiff's relevant medical evidence, the ALJ cited to substantial evidence in the record demonstrating that Plaintiff did not meet all of the requirements for Listing 1.04A. Specifically, the ALJ noted that by December 30, 2010, Plaintiff "demonstrated full strength and sensation in her lower extremities." *Id.* at 19. Such evidence indicates that, in addition to lacking the requirement for a positive straight-leg raising test in both the sitting and supine position, the Listing 1.04A requirement of motor loss accompanied by sensory or reflex loss was also not met. Therefore, in light of the evidence in the medical record demonstrating that Plaintiff did not meet the requirements for motor loss accompanied by sensory or reflex loss or positive straight-leg raising test in both the sitting and supine position, the Court concludes that substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal Listing 1.04A.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Act from November 1, 2010 through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 5 September 2018

A. David Copperthite
United States Magistrate Judge